NOT FOR PUBLICATION                    [Docket No. 29, 31, & 32]


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE


_____ :
                                    :
SYED M. HUSAIN,                     :
                                    :
            Plaintiff,              :    Civil No. 06-4923 (RMB)
                                    :
      v.                            :    **OPINION**
                                    :
CASINO CONTROL COMMISSION, et       :
al.,                                :
                                    :
                                    :
            Defendants.             :
_____ :

Appearances:

Syed M. Husain
515 Boundary Road
Pitman, NJ 08071
      Pro Se Plaintiff

Teresa M. Nagengast, Esq.
New Jersey Casino Control Commission
Office of the General Counsel - Licensing
Tennessee Avenue and Boardwalk
Atlantic City, NJ 08401
      Attorney for Defendants Casino Control Commission,
      C. G. Allen, Linda M. Kassekert, Michael A. Fedorko,
      William T. Sommeling, Michael C. Epps, Ralph G. Frulio,
      Seth H. Briliant, and Dianna W. Fauntleroy

Russell L. Lichtenstein, Esq.
Cooper, Levenson, April, Niedelman & Wagenheim, PA
1125 Atlantic Avenue
Atlantic City, NJ 08401-4891
      Attorney for Defendants Salvatore Esposito and Tom Scott

**BUMB**, United States District Judge:

1

**Introduction**:

    This matter comes before the Court upon several motions: 1) Plaintiff, Syed Husain's motion for default judgment against Defendants [Doc. No. 29]; 2) Defendants', New Jersey Casino Control Commission (the "Commission"), Reginald Allen, Linda M. Kassekert, Michael A. Fedorko, William T. Sommeling, Michael C. Epps, Ralph Frulio, Seth Briliant and Dianna Fauntleroy, (collectively the "Commission Defendants"), motion to dismiss [Docket No. 31]; and, 3) a motion to dismiss by Defendants Salvatore Esposito and Tom Scott [Doc. No. 32].

**Statement of Facts:**

    Plaintiff was involved in an incident at the Showboat Casino on August 14, 2006, during which a representative of the Casino accused Plaintiff of cheating while he was playing blackjack. Plaintiff denies cheating.  [Pl.'s Compl. at 2].  Plaintiff alleges that the representative was wearing a name tag that read "JoAnne"; Plaintiff asked the representative to provide her last name and license number, and she refused.  [Pl.'s Compl. at 2]. Plaintiff then reported this refusal to Reginald Allen ("Allen"), an inspector at Showboat's Casino Control Commission booth, who filed an "Incident Report" ("Report") regarding the complaint. [Pl.'s Compl. at 2].

    The instant action stems from the Commission's subsequent refusal to identify the dealer and floor supervisor, and from its

2

redaction of one sentence of the Report.  [Pl.'s Compl. at 4].

The Report states:

> Patron advised this Inspector he was playing Black Jack, and
> placed a $25.00 dollar bet.  The patron had a twenty and the
> dealer had a twenty on the deal.  The patron stated he
> [i]nadvertently placed another $25.00 bet.  That made the
> total bet $50.00.  He stated the supervisor accused him of
> cheating.  He felt offended of being accused of cheating
> because it was a push.

[Attachment to Pl.'s Compl.].

> Further, Allen stated in the Report that:

> Patron advised me he only placed the bet once on the deal.
> Floorperson Roberta Vroom observed the patron pass posting
> three times.  She advised him he was cheating and to
> discontinue his cheating.  [redacted portion].  I advised
> surveillance to checked [sic] the tapes.  They were unable
> to locate anything on the tapes.

[Attachment to Pl.'s Compl.].

Plaintiff "requested Inspector Allen to provide a copy of
the Complaint [Plaintiff] filed with him, the names and license
numbers of the pit boss (pit manager), the dealer and the floor
supervisor." [Pl.'s Compl. at 4].  Plaintiff received only
Allen's Report in reply, which included the name and license
number of the pit manager, Salvatore Esposito.  One sentence of
the report had been redacted.

Allen's report identified Plaintiff's "accuser" as Roberta
Vroom; according to Plaintiff, however, he "[has] no doubt that
Roberta Vroom exists but she was not [his] accuser."  [Pl.'s
Compl. at 5].  Plaintiff alleges that Allen "suppl[ied] a false
name of [Plaintiff's] accuser." [Pl.'s Compl. at 5].  Plaintiff

further alleges that the redacted statement in the report "contains a derogatory remark, which may be libelous," and that the Commissions' withholding of the statement is a violation of his civil rights. [Pl.'s Compl. at 7].

Plaintiff's Complaint appears to state that because the Commission's attorney used the words "Commission's incident report" instead of "didacted [sic] Inspector's report" to describe the attached report in a letter to Plaintiff, Plaintiff believes that the Commission "had knowledge of [the] report and [it] had their blessing." Otherwise, he "would not have included the names of the Commission members in [his] complaint." [Pl.'s Compl. at 5].

**Discussion:**

On February 6, 2007, Plaintiff's Amended Complaint was filed in this Court asserting seven different counts against the Defendants. Because Plaintiff is proceeding pro se, this Court is required to construe his pleadings liberally and has had to do so here in order to discern the causes of action asserted. See Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002)(discussing liberal construction of pro se pleadings).

As best as this Court can divine, Count One of Plaintiff's Amended Complaint alleges a violation of the Fourteenth Amendment right to due process (pursuant to 42 U.S.C. 1983); Plaintiff

4

avers that these rights were violated via poor investigation and processing of his complaint.[1]  Count Two intimates that Inspector Allen might be on psychedelic drugs and suggests "[a] simple urine test" to determine whether drugs might have influenced his perception.

Count Three appears to assert a claim for intentional and/or negligent infliction of emotional distress.  Apparently, the Defendants' withholding of the name of the real floor supervisor has prolonged Plaintiff's emotional suffering.  Plaintiff states that he is "suffering from post traumatic shock syndrome and psychosomatic signs and symptoms" and "[t]he longer defendants prevent me from bringing a suit against Showboat casino, the longer I will suffer."  Amend. Compl. at 6.  This Count also seems to make a request for documents related to the incident.

Count Four appears to allege a New Jersey state law claim pursuant to N.J.A.C. 56:12-63 which allows the Commission to receive complaints from the public.  It appears that Plaintiff is upset that the Commission has never "seen fit to have complaint forms printed."

---

[1] Plaintiff goes so far as to propose appropriate relief for this violation including: "a course of study, the curriculum of which should be prepared by the Commission Attorneys, and to be taught to inspectors before their employment" – Plaintiff suggests that this course should include a "review of Casino Control Act, Fundamentals of US and New Jersey Constitution, methods of investigating a complaint and so forth." Amend. Compl. at 5-6.

Count Five states that Plaintiff's Equal Protection rights have been violated because the Casino only monitors gaming tables with a minimum wager of $100.00 or more - thus, "the benefits of surveillance go to players paying with higher wages [and] this is discriminatory and is against the US Constitution's guarantee of equal treatment for all."  Id. at 7.

Count Six, complains that the Commission has failed to create a mechanism by which those who disagree with the Inspector can appeal - thus, it appears to duplicate the due process complaint alleged in Count One.

Finally, Count Seven raises more due process claims based on the "Commissioners" and "Attorneys" failure to uphold their oaths by violating Plaintiff's right to "due process and fair play." Id. at 8.

1) Plaintiff's Motion for Default Judgment:

Plaintiff has moved for the entry of a default judgment against Reginald Allen, Linda M. Kassekert, Michael A. Fedorko, William T. Sommeling, Michael C. Epps, Ralph Frulio, Seth Briliant and Dianna Fauntleroy.  Federal Rule of Civil Procedure 55(b) governs the entry of a default judgment.  Before a default judgment may be entered pursuant to Rule 55(b), a party must have the Clerk of the Court enter a default pursuant to Rule 55(a). De Tore v. Jersey City Public Employees Union, 511 F. Supp. 171, 176 (D.N.J. 1981); Nationwide Mut. Ins. Co. v. Starlight Ballroom

6

Dance Club, Inc., 175 Fed. Appx. 519, 521 n. 1 (3d Cir. 2006) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be entry of default as provided by Rule 55(a)." (citation omitted)) (unpublished).  The Clerk has not entered a default in this case; thus, this Court can not enter a default judgment.  Plaintiff's motion for default judgment is therefore denied.

2) The Commission Defendants' Motion to Dismiss:

    The Commission Defendants spend several pages arguing that Plaintiff's Amended Complaint must be dismissed because it "fails to cite any specific constitutional provision or Federal law under which Plaintiff's claim allegedly arises." (Defs.' Br. at 5).  This Court disagrees: Plaintiff states on page 3 of his Amended filing that "the District Court has jurisdiction. . . based directly on Fourteenth Amendment" and cites 42 U.S.C. § 1983.  Moreover, the body of the Amended Complaint makes allegations that Plaintiff's due process and equal protection rights were violated.  Thus, contrary to Defendants' brief, Plaintiff has indeed alleged violations of federal law on the face of his Amended Complaint sufficient to satisfy this Court that it has jurisdiction over the matter; to the extent Defendants seek to dismiss this motion for lack of jurisdiction, that motion will be denied.

    While this Court may have jurisdiction, whether Plaintiff

has properly alleged a claim upon which relief may be granted is a separate analysis entirely.   A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied if the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)(internal citations omitted).  Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (internal citations omitted).

A district court must accept any and all reasonable inferences derived from those facts.  Unger v. Nat'l Residents Matching Program, 928 F.2d 1392 (3d Cir. 1991); Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Sav. Bank, 748 F. Supp. 254, 260 (D.N.J. 1990).  Further, the court must view all allegations in the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20

8

F.3d 1250, 1261 (3d Cir. 1994).

Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face." Twombly, 127 S. Ct. at 1974.  Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint matter, are taken into consideration. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

    *a) Plaintiff's Due Process Claims*

The crux of Plaintiff's due process-related complaints (Counts One, Six and Seven) is that the Commission inspector has "unrestricted authority to make judgments" and that the mechanism for investigating and reporting complaints is inadequate, biased and without mechanism for appeal.  Plaintiff has purportedly brought claims for violations of his Fourteenth Amendment rights pursuant to § 1983.[2]

Generally, "[t]o state a claim for violation of § 1983,

_____

    [2] Section 1 of the Fourteenth Amendment provides in relevant part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

plaintiffs must allege that defendants, while acting under color of state law, deprived them of rights, privileges, or immunities secured by the Constitution or laws of the United States." <u>Afran v. McGreevey</u>, 115 Fed. Appx. 539, 543-44 (3d Cir. 2004) (citing <u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981) <u>overruled on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 88 L. Ed. 2d 662, 106 S. Ct. 662 (1986)). Therefore, this Court must first ask whether Plaintiff has "alleged the deprivation of a right that either federal law or the Constitution protects." <u>Gruenke v. Seip</u>, 225 F.3d 290, 298 (3d Cir. 2000) (<u>citing</u> <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3, 61 L. Ed. 2d 433, 99 S. Ct. 2689 (1979)).

This Court is not aware of any right secured by the Constitution or the laws of the United States to gamble, appeal a decision of the Commission inspector or fairness in the Commission investigation process.  <u>See</u> <u>Doug Grant v. Greate Bay Casino Corp.</u>, 232 F.3d 173, 190 (3d Cir. 2000)("we are satisfied that the appellants do not have a constitutionally protected property interest in the opportunity to gamble and thus the activities of which they complain do not violate their due process rights.").  As such, Plaintiff has failed to state a claim for violations of his due process rights and Counts One, Six and Seven of his Amendment Complaint will be dismissed.

   b) *Equal Protection*

In Count Five, Plaintiff argues that he has been discriminated against in violation of his equal protection rights because the Casino only monitors gaming tables with a minimum wager of $100.00 or more and, thus, "the benefits of surveillance go only to players with higher wages." Amend. Compl. at 7. Again, this Court is not aware of any fundamental Constitutional right to gamble or to have one's gambling efforts under surveillance.  Moreover, wealth is not a suspect class for purposes of an equal protection analysis.  See Robinson v. Fauver, 932 F. Supp. 639, 644 (D.N.J. 1996).

"To bring a successful claim under Section 1983 for denial of equal protection under the Fourteenth Amendment where the plaintiff does not allege membership in a suspect class or interference with a fundamental right, the plaintiff must allege that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the different treatment." Flammer v. County of Morris, 2006 U.S. Dist. LEXIS 28569 at *7 (D.N.J. May 10, 2006)(citations omitted) Clearly, Plaintiff has alleged no facts that would entitle him to relief under the equal protection clause; instead, Plaintiff has merely alleged that "the benefits of surveillance go to players playing higher wagers."  Thus, Count Four of Plaintiff's Amended Complaint will be dismissed.

Plaintiff's remaining claims in this action are pursuant to

11

state law: his emotional distress claims, claims requesting documents and information, and claims requesting drug tests of Casino employees.  Once the claims over which a district court has original jurisdiction have been dismissed, a court may decline to exercise jurisdiction over supplemental state claims unless extraordinary circumstances exist. 28 U.S.C. 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if- (3) the district court has dismissed all claims over which it has original jurisdiction); see Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000)(upholding district court's decision to refuse to exercise supplemental jurisdiction over remaining state law claims).

Because this Court has granted Defendants' motion to dismiss the allegations in the Amended Complaint that raise issues of federal law, it will decline to exercise jurisdiction over the remaining state law claims.  The state law claims will be dismissed without prejudice.

3) Defendants Esposito and Scott's Motion to Dismiss:

Defendants Esposito and Scott allege that this Court does not have jurisdiction because "there is no indication, nor any reasonable inference available to Plaintiff, that this litigation implicates any federal question," and 28 U.S.C. § 1367 does not provide supplemental jurisdiction because "there must be an

12

underlying, valid reason for this case to be subject to original jurisdiction in Federal Court before a supplemental or pendent State Court claim can also be considered." [Def.'s Br. at 3]. Defendants move for dismissal under Rule 12(b)(1).  In the alternative, they move to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

Because this Court has dismissed any federal causes of action alleged in this Complaint, and no separate federal causes of action are asserted against Defendants Esposito and Scott, all that remains are state law causes of action, if any.  As stated above, this Court will decline to exercise jurisdiction over these state law causes of action and will therefore dismiss the remaining claims without prejudice.

**Conclusion:**

For the reasons set forth above, Plaintiff's motion for default judgment is denied and the Commission Defendants' motion to dismiss Plaintiff's claims brought pursuant to § 1983 is granted. This Court will exercise its discretion under 28 U.S.C. § 1367(c)(3) and dismiss the remainder of the action without prejudice.  An appropriate Order will issue this date.

Dated: August 14, 2007          s/Renée Marie Bumb
                                RENÉE MARIE BUMB
                                United States District Judge